UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,

        Plaintiff,

v.

BERKSHIRE NURSERY & SUPPLY CORP. and JESUS FLORES,

        Defendants.

---

Case No. 23-CV-275

**COMPLAINT**

## INTRODUCTION

1. Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action pursuant to the authority granted by sections 16 and 17 of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "Act" or the "FLSA"), to restrain Defendants BERKSHIRE NURSERY & SUPPLY CORP. ("Berkshire Nursery") and JESUS FLORES from retaliating against their current and former employees, in violation of section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), obstructing the Secretary's investigation in violation of section 11(a) of the FLSA, and to redress Defendants' willful violations.

2. Immediately after the United States Department of Labor (the "Department") initiated its investigation of Defendants to determine whether they are in compliance with the FLSA and other federal worker protection statutes, Defendants embarked on a campaign of obstruction, witness intimidation, and retaliation designed to prevent employees from asserting their rights under the Act and to frustrate the Department's investigation.

3. Defendants have threatened employees who cooperate with the Department or speak to investigators with the following actions: physically harming employees and their families, causing employees to be deported, and refusing to hire employees for future work seasons.

4. Defendants' threats obstruct the Department's investigation and undermine the Secretary's ability to fulfill his statutory obligation to fully investigate Defendants' compliance with the FLSA and enforce the FLSA's worker-protection provisions.

5. The Secretary is authorized under FLSA section 17, 29 U.S.C. § 217, to seek injunctive relief to restrain violations of the FLSA. Because Defendants retaliated against employees and have interfered with the Department's ongoing investigation, the Secretary seeks an order enjoining Defendants and those acting on their behalf from violating sections 11(a) and 15(a)(3) of the FLSA through intimidation, threats, harassment, or other adverse action against current or former employees as a result of their protected activity under the Act. The Secretary also seeks compensatory and punitive damages for Defendants' willful and flagrant violations to date, and other appropriate relief.

## JURISDICTION AND VENUE

6. Jurisdiction over this action is properly conferred upon this Court by section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

7. Venue is proper in the United States District Court for the Southern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred within this District, specifically, in Putnam County. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### The Parties

8. Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with authority to sue to stop violations of the FLSA, recover compensatory and punitive damages, and is the proper plaintiff for this action.

9. Defendant Berkshire Nursery & Supply Corp. is a corporation organized under the laws of the State of New York, having its principal place of business at 2714 Route 22, Patterson, New York in Putnam County ("worksite"), within the jurisdiction of this Court.

10. During the relevant time period, Berkshire Nursery has operated a plant nursery that grows and sells plants and gardening supplies, and provides landscaping and related services to its customers.

11. During the relevant time period, Berkshire Nursery has employed workers to grow and sell plants and gardening supplies, and provide landscaping and related services to its customers.

12. Berkshire Nursery has regulated the employment of all persons employed by it, and acted directly and indirectly in the company's interest in relation to the employees during the relevant time period. Thus, Berkshire Nursery is an "employer" of the employees within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is a "person" within the meaning of section 3(a) of the FLSA, 29 U.S.C. § 203(a).

13. Defendant Jesus Flores ("Flores") is the president of Berkshire Nursery.

14. Flores is and has been in active and operational control and management of Berkshire Nursery throughout the relevant time period.

15. Flores has recruited, hired, and fired Berkshire employees, determined Berkshire employee compensation and work schedules, and directed Berkshire employees' work during the relevant time period.

16. Flores has regulated the employment of all persons he employed and acted directly and indirectly in the interest of Berkshire Nursery in relation to the employees during the relevant time period. He is thus an "employer" of employees within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is a "person" within the meaning of section 3(a) of the FLSA, 29 U.S.C. § 203(a).

17. Flores resides in the state of New York, within the jurisdiction of this Court.

### Defendants Retaliation Against Employees and Obstruction of the Department's Investigation

18. In November 2022, the Department's Wage and Hour Division ("WHD") initiated an investigation into whether Defendants were in compliance with the FLSA and H-2A provisions of the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.*, as amended by the Immigration Reform Control Act of 1986, Pub. L. 99-603, § 301, 100 Stat. 3359, 3411 and the implementing regulations.

19. On November 9, 2022, WHD investigators visited the worksite for the first time. WHD delivered an appointment letter regarding the investigation, which included a request for relevant documents, conducted a housing inspection, and interviewed employees.

20. Included in the information WHD provided to Defendants on November 9, 2022 was "Fact Sheet #77A: Prohibiting Retaliation Under the Fair Labor Standards Act (FLSA)," which notified Defendants of the FLSA's anti-retaliation prohibitions.

21. On November 14, 2022, WHD discussed the FLSA's anti-retaliation provision with Defendants.

22. On the same day as WHD's first visit, November 9, 2022, Defendants instructed their employees to lie or not speak to WHD's investigators. Flores stated to employees that he has connections with a Mexican cartel and knows where the employees' families live, suggesting that he will cause harm to their families if employees participated in WHD's investigation by speaking truthfully with WHD investigators.

23. On November 14, 2022, WHD investigators visited the worksite again and held a meeting with Defendants to discuss the purpose of the investigation, the requested documents, and ask background information from Defendants.

24. Prior to WHD's scheduled arrival on that same day, November 14, 2022, Flores warned employees that if they did not lie about their job duties and hours worked, he would have them deported and not hire them for future work seasons.

25. On November 21, 2022, WHD visited the worksite for a third time. WHD did not provide Defendants with advance notice, and was able to interview some employees and obtain partial information.

26. On November 22, 2022, the day after WHD's visit to the worksite, Flores expressed his anger to employees for speaking with investigators and again threatened harm to their families in Mexico.

27. At the beginning of December 2022, Flores again instructed all nine H-2A employees not to speak with the Department, reiterating his statement that he has connections with a Mexican cartel and knows the employees' families. Flores threatened, "I will make you pay for what you say."

28. Defendants have further intimidated employees by making disparaging comments about two former H-2A employees that filed a FLSA action against Defendants in October 2022.

After the two former employees stopped working for Defendants, Defendant Flores told the other employees that he was going to "take care of that for what they did to him" and has ominously stated that they are now "in a place they belong." Flores has stated that employees who speak truthfully with the Department will face the same consequences as the two former employees.

29. Defendant's nephew also told employees that his uncle, Defendant Flores, sent someone from the cartel to assault a former employee from a previous work season who filed a complaint against him.

30. As a result of Defendants' repeated threats to employees, employees are afraid to speak truthfully with or participate in the Department's investigators, even by phone.

## FIRST CAUSE OF ACTION
### (Retaliation Against Employees in Violation of the FLSA, 29 U.S.C. § 215(a)(3))

31. The Secretary incorporates by reference and re-alleges all foregoing allegations of the Complaint.

32. As a result of Defendants' conduct set forth in the Complaint, a reasonable employee would be dissuaded from engaging in protected activity, such as speaking truthfully to the Department's investigator, participating in the Department's investigation, or testifying in a proceeding.

33. As a result of Defendants' conduct set forth in the Complaint, Defendants' employees are afraid to participate in the Department's investigation or testify at a hearing because they are concerned that Defendants will harm them or their families, the employees' future livelihood, or otherwise retaliate against them.

34. By engaging in the conduct set forth in this Complaint, Defendants have willfully violated section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against employees for engaging in or preparing to engage in activity that is protected by the FLSA, specifically speaking

truthfully to the Department about their job duties and Defendants' pay practices, hours worked, and other working conditions.

## SECOND CAUSE OF ACTION
**(Obstruction of the Secretary's Investigation in Violation of the FLSA, 29 U.S.C. § 211(a))**

35. The Secretary incorporates by reference and re-alleges all foregoing allegations of the Complaint.

36. During the course of the Department's investigation, Defendants have instructed employees not to speak with the Department of Labor or otherwise provide false or misleading information to the Department regarding their job duties and working conditions;

37. During the course of the Department's investigation, Defendants have threatened harm to employees' families if employees participate in the Department's investigation;

38. As a result of Defendants' conduct set forth in the Complaint, employees are fearful of speaking truthfully or participating in the Department's investigation.

39. By engaging in the conduct set forth in this Complaint, Defendants have willfully violated section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing and interfering with the Department's investigation.

**WHEREFORE**, cause having been shown, the Secretary respectfully requests this Court enter judgment against Defendants providing the following relief:

a. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, successors, and those persons in active concert or participation with Defendants, from violating the provisions of section 15(a)(3) of the Act, including by: harming or making any threats of harm to any employee or former employee, or their family members; terminating or threatening to terminate any employee; reporting or

threatening to report any employee or former employee to immigration authorities or other law enforcement because of their protected activity; blacklisting or threatening future employment; withholding wages or threatening to withhold wages; or intimidating, coercing, threatening, retaliating or discriminating against any employee or former employee in any other way, to prevent former or current employees from speaking with or participating in the Department's investigation or based on Defendants' belief that such former or current employees intend to testify in any proceeding under the Act, have complained about wage violations, have spoken or will speak with any personnel from the U.S. Department of Labor, or have engaged in any other protected activity.

    b.    An injunction pursuant to section 17 of the Act requiring that at least seven days prior to any termination of any employee for any reason, Defendants shall provide a written notice to the Wage and Hour Division of the U.S. Department of Labor;

    c.    An order awarding compensatory and punitive damages for Defendants' retaliation against employees in violation of section 15(a)(3) of the Act;

    d.    An order awarding Plaintiff the costs of this action;

    e.    An order granting such other relief as the Court may deem necessary or appropriate.

DATED:    January 11, 2023
                New York, New York

                                    SEEMA NANDA
                                    Solicitor of Labor

                                    JEFFREY S. ROGOFF
                                    Regional Solicitor

                                    s/ Amy Tai
                                    AMY TAI (AT0366)
                                    Senior Trial Attorney

          U.S. Department of Labor
          Office of the Solicitor
          201 Varick Street, Room 983
          New York, NY 10014
          (646) 264-3653
          (646) 264-3660 (fax)
          tai.amy@dol.gov
          NY-SOL-ECF@dol.gov

*Attorneys for Plaintiff Secretary of Labor*