```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/25
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
LORI CHAVEZ-DEREMER,[1] Secretary of Labor,
United States Department of Labor,

                          Plaintiff,

    v.                                    Case No. 23-CV-275 (VB)

BERKSHIRE NURSERY & SUPPLY CORP., ROSA
CONTRACTING, INC., ROSA LAND TECH AND
DESIGN, INC., ROSA CONTRACTING AND
CONSTRUCTION, INC., and JESUS FLORES,

                          Defendants.
-------------------------------------------------------

## [~~PROPOSED~~] CONSENT JUDGMENT

Plaintiff, Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor (the "Secretary"), has filed her amended complaint and defendants Berkshire Nursery & Supply Corp., Rosa Contracting, Inc., Rosa Contracting and Construction, Inc., Rosa Land Tech and Design, Inc. (together, "Berkshire"), and Jesus Flores (collectively, "Defendants") have appeared by counsel and agree to the entry of this Consent Judgment in full settlement of the claims which have been made or asserted in this action.

1.    The Secretary's Amended Complaint alleges that Defendants willfully violated sections 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (the "Act" or "FLSA") by obstructing and interfering with the Secretary's investigation, by retaliating against their employees for engaging in activities protected by the FLSA, by failing to pay their employees the overtime premium required by the Act, and by failing to make, keep, and preserve adequate and accurate records.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Lori Chavez-DeRemer, is automatically substituted as Plaintiff in this action.

2. Defendants agree that from March 22, 2021 through March 19, 2023, they were a covered enterprise under sections 3(r) and 3(s) of the Act and that the provisions of the Act applied to Defendants.

3. Defendant Jesus Flores agrees that from March 22, 2021 through March 19, 2023, he was an employer under section 3(d) of the Act and that the provisions of the Act applied to him.

4. Defendants otherwise neither admit nor deny the allegations of violations set forth in the Secretary's Amended Complaint.

5. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Consent Judgment.

6. Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they may be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment.

It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that:

I. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act in any of the following manners:

(1) Defendants shall not, contrary to section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future

become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2) Defendants shall make, keep, and preserve adequate records of any of their employees and of the wages, hours, and other conditions and practices of employment. Defendants shall make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, any such records of any employees and of the wages, hours, and other conditions and practices of employment, as prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(3) Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the U.S. Department of Labor, or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms and conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

(4) Defendants shall not violate the provisions of sections 11(a) and 15(a)(3) of the Act in any manner. Among other prohibited acts of retaliation, Defendants and any other persons subject to this permanent injunction shall not:

    a. Seek to have any employee kick back or return any compensation that is owed to that employee;

    b. Accept any monies paid to any employee pursuant to this Consent Judgment;

    c. Terminate or threaten to terminate the employment, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate

or retaliate against an employee based on Defendants' belief that such employee has engaged in or is about to engage in any protected activity under the Act;

  d. Ask any employee or former employee to disclose whether the employee or former employee has communicated or will communicate with the Department of Labor, or whether the employee or former employee has otherwise engaged in protected activity under the Act;

  e. Instruct any employee or former employee not to speak to, or to provide false information to, the United States Department of Labor, or otherwise influence any employee or former employee with respect to their participation in any investigation conducted or legal proceeding brought by the United States Department of Labor; or

  f. Instruct any employee, officer, or agent of the Defendants from taking any action in violation of the provisions of sections 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act as set forth in this Paragraph 3.

II. Upon entry of this Consent Judgment by the Court, Defendants shall pay to the current and former employees listed on the attached Exhibit A (hereinafter "Exhibit A") a total amount of **$32,035.72** representing back wages for unpaid overtime, plus an equal amount of liquidated damages of **$32,035.72**, plus **$2,000.00** in punitive damages, and civil money penalties pursuant to section 16(e) of the Act in the amount of **$5,000**, for a total amount of **$71,071.44**, plus post-judgment interest, to be calculated as to all back wages payments (other than the first payment of **$10,000**) at a rate of 5%, and as to all civil money penalties at a rate of 4%, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$32,035.72** in unpaid overtime back wages owed to

their employees in the amounts listed opposite their names on Exhibit A. In addition, Defendants shall pay an equal amount of liquidated damages of **$32,035.72** to their employees in the amounts listed opposite their names on Exhibit A, and **$2,000** in punitive damages, plus post-judgment interest. Defendants shall also pay **$5,000** in civil money penalties to the Secretary, plus post-judgment interest. Defendants shall make payment in accordance with Paragraph III below and Exhibit B of this Consent Judgment.[2]

    III.    The provisions of this Consent Judgment relative to back wages, liquidated damages, punitive damages, civil money penalties, and post-judgment interest shall be deemed satisfied when Defendants have fully complied with the terms of payment set forth below and on the attached Exhibit B (hereinafter "Exhibit B"), totaling **$71,071.44**. All such payments shall be made by Defendants by taking the following steps:

    (1)    For payment of "Back Wages," "Liquidated Damages," and "Punitive Damages" in accordance with the amounts, due dates, and specifications set forth in Exhibit B, go to https://www.pay.gov/public/form/start/77689032, and then:

    a.    Click on the "Continue to the Form" tab under "WHD Back Wage Payment Form – Northeast Region" and complete the required fields.

    b.    For "BW Case Number," enter "1990330."

    c.    For "Date of Assessment," enter the date that this Judgment is entered by the Court.

---

[2] For the parties' convenience, the installment payments listed in Exhibit B of this Consent Judgment combine Defendants' payment obligations under this Consent Judgment and under the Installment Payment and Debarment Agreement between Defendants and the Secretary, executed by Defendants on March 14, 2025.

(2) For payment of the "Civil Money Penalty" in accordance with the amount, due date, and specification set forth in Exhibit B, go to https://www.pay.gov/public/form/start/77734139, and then:

    a. Click on the "Continue to the Form" tab under "WHD Civil Money Penalty Payment Form - Northeast Region" and complete the required fields.

    b. For "CMP Case Number," enter "1990330."

    c. For "Date of Assessment," enter the date that this Judgment is entered by the Court.

IV. Defendants and anyone acting on their behalf shall not in any way, directly or indirectly, solicit or accept the return or refusal of any sums paid under this Consent Judgment. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any employees or former employees because of their receipt of funds due under the provisions of this Consent Judgment or the Act. Defendants acknowledge that any violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

V. Defendants shall post the attached Exhibit C in English and Spanish at their plant nursery, located at 2714 NY-22, Patterson, New York 12563, displayed in a conspicuous place where employees may easily view it, within 15 days of the date of entry of this Judgment. Defendants shall maintain Exhibit C posted in a conspicuous place at their plant nursery for a period of two years from the date of entry of this Judgment.

VI. Defendants shall distribute a copy of Exhibit C in English and Spanish to all of their current employees within 15 days of the date of entry of this Judgment.

VII. If Defendants fail to make the required payments, a seven-calendar-day grace

period shall be allowed for receipt of such payment. In the event that the U.S. Department of Labor does not receive the payment by the eighth calendar day after which it is due, the U.S. Department of Labor's representatives will notify Defendants through their attorney, Michael Curto, Esq., by email at mcurto@vcsclaw.com. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in the identity or contact information of their attorneys. If the U.S. Department of Labor does not receive payment within 10 calendar days of notifying Defendants' attorney of the overdue payment, then the total amount due under this Judgment of $71,071.44, plus post-judgment interest, less any amounts already received by the Secretary pursuant to this Judgment, shall become due immediately. No action or non-action by the Secretary shall constitute a waiver of this Paragraph.

VIII. In the event that Defendants fail to make any of the payments set forth in Paragraph III of this Consent Judgment within 10 calendar days of the notification described in Paragraph VII, Defendants consent to the entry of a writ of execution, consistent with the terms of this Consent Judgment and pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce the monetary terms of this Consent Judgment. Such writ of execution shall be limited to the pending remaining balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. In applying for such a writ, the Secretary may represent that Defendants consent to its issuance.

IX. The Secretary shall distribute the back wages and liquidated damages, including interest and less any legal deductions, to the former and current employees as set forth in Exhibit A, or to their estates if that be necessary, in the Secretary's sole discretion. Any amounts of unpaid compensation and liquidated damages not distributed within a period of three years from the date of receipt, because of an inability to locate the proper persons or because of a person's refusal to

accept payment, shall, pursuant to section 16(c) of the Act, be deposited into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

X. Defendants shall provide to the Secretary the social security numbers, if such is available, and the last known addresses of each current or former employee listed in Exhibit A within 15 days of entry of this Judgment.

XI. After Defendants make all of the required installment payments, as set forth in Exhibit B, the Secretary shall file a satisfaction of judgment in this action.

XII. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees not listed on Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act. Additionally, neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees, be they current or former employees, to file any action against Defendants under section 16(b) of the Act for violations alleged to have occurred after March 19, 2023.

XIII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XIV. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

**SO ORDERED.**

DATED: March 18, 2025
White Plains, New York

_____
HON. VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel, are represented by counsel, and hereby consent to the entry of this Judgment.

BY: _____    DATE: 3/14/2025
**JESUS FLORES**

**BERKSHIRE NURSERY & SUPPLY CORP.**

BY: _____    DATE: 3/14/2025
JESUS FLORES
Owner

STATE OF New York        )
                         :SS:
COUNTY OF Westchester    )

On the 14th day of March, 2025 before me came JESUS FLORES, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of BERKSHIRE NURSERY & SUPPLY CORP., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

HOWARD SCHRAGIN
NOTARY PUBLIC, State of New York
Lic.# 02SC6339876
Qualified in Westchester County
Commission Expires April 4, 2028

9

**ROSA CONTRACTING, INC.**

BY: _____   DATE: 3/14/2025
JESUS FLORES
Owner

STATE OF New York    )
                     ) :SS:
COUNTY OF Westchester )

On the 14th day of March, 2025 before me came JESUS FLORES, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of ROSA CONTRACTING, INC., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

HOWARD SCHRAGIN
NOTARY PUBLIC, State of New York
Lic.# 02SC6339875
Qualified in Westchester County
Commission Expires April 4, 2028

**ROSA LAND TECH AND DESIGN, INC.**

BY: _____   DATE: 3/14/2025
JESUS FLORES
Owner

STATE OF New York    )
                     ) :SS:
COUNTY OF Westchester )

On the 14th day of March, 2025 before me came JESUS FLORES, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of ROSA LAND TECH AND DESIGN, INC., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

HOWARD SCHRAGIN
NOTARY PUBLIC, State of New York
Lic.# 02SC6339875
Qualified in Westchester County
Commission Expires April 4, 2028

_____
NOTARY PUBLIC

**ROSA CONTRACTING AND CONSTRUCTION, INC.**

BY: _____   DATE: 3/14/2025

JESUS FLORES
Owner

STATE OF New York   )
                    :SS:
COUNTY OF Westchester )

On the 14th day of March, 2025 before me came JESUS FLORES, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of ROSA CONTRACTING AND CONSTRUCTION, INC., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

HOWARD SCHRAGIN
NOTARY PUBLIC, State of New York
Lic.# 02SC6339875
Qualified in Westchester County
Commission Expires April 4, 2028

11

## **EXHIBIT A**

### Employees Due Back Wages and Liquidated Damages

|    | Name                            | Back Wages | Liquidated Damages | Total      |
|----|---------------------------------|------------|--------------------|------------|
| 1  | Adalberto Hernandez Mejia       | $1,430.08  | $1,430.08          | $2,860.16  |
| 2  | Alessandro Godoy Flores         | $3,292.82  | $3,292.82          | $6,585.64  |
| 3  | Angel Ayala                     | $716.09    | $716.09            | $1,432.18  |
| 4  | Carlos Diaz Flores              | $1,005.88  | $1,005.88          | $2,011.76  |
| 5  | Eduardo Cervantes Hernandez     | $3,338.97  | $3,338.97          | $6,677.94  |
| 6  | Eduardo Nunez Valdovinos        | $3,292.83  | $3,292.83          | $6,585.66  |
| 7  | Ivan Reyes Games Flores         | $1,676.45  | $1,676.45          | $3,352.90  |
| 8  | Jesus Lopez Coyt                | $1,568.48  | $1,568.48          | $3,136.96  |
| 9  | Jonathan Sanchez                | $1,436.97  | $1,436.97          | $2,873.94  |
| 10 | Jose Farias Gonzalez            | $3,243.16  | $3,243.16          | $6,486.32  |
| 11 | Jose Sanchez-Gonzalez           | $1,436.97  | $1,436.97          | $2,873.94  |
| 12 | Jovany Valencia                 | $1,568.48  | $1,568.48          | $3,136.96  |
| 13 | Juan Carlos Ayala Garcia        | $1,614.61  | $1,614.61          | $3,229.22  |
| 14 | Juan Magana Cervantes           | $1,724.36  | $1,724.36          | $3,448.72  |
| 15 | Juan Manuel Perez Barragan      | $1,568.48  | $1,568.48          | $3,136.96  |
| 16 | Maya Orellana                   | $753.24    | $753.24            | $1,506.48  |
| 17 | Nestor Eduardo Oliveros Sanchez | $1,614.61  | $1,614.61          | $3,229.22  |
| 18 | Rogelio Torres                  | $753.24    | $753.24            | $1,506.48  |

## EXHIBIT B

### Schedule of Installment Payments

| No. | Due Date | Amount Type | Principal | Interest | Total Payment |
|---|---|---|---|---|---|
| down | 30 days from date of entry of Judgment | FLSA Punitive Damages<br>FLSA Liquidated Damages | $10,000.00 | $0.00 | $10,000.00 |
| 1 | 05/01/2025 | FLSA Liquidated Damages | $5,000.00 | $189.33 | $5,189.33 |
| 2 | 06/01/2025 | FLSA Liquidated Damages | $5,000.00 | $174.41 | $5,174.41 |
| 3 | 07/01/2025 | FLSA Liquidated Damages | $5,000.00 | $148.24 | $5,148.24 |
| 4 | 08/01/2025 | FLSA Liquidated Damages | $5,000.00 | $131.95 | $5,131.95 |
| 5 | 09/01/2025 | FLSA Liquidated Damages | $5,000.00 | $110.71 | $5,110.71 |
| 6 | 10/01/2025 | FLSA Liquidated Damages<br>FLSA Back Wages | $5,000.00 | $86.60 | $5,086.60 |
| 7 | 11/01/2025 | FLSA Back Wages | $5,000.00 | $68.25 | $5,068.25 |
| 8 | 12/01/2025 | FLSA Back Wages | $5,000.00 | $45.50 | $5,045.50 |
| 9 | 01/01/2026 | FLSA Back Wages | $5,000.00 | $25.78 | $5,025.78 |
| 10 | 02/01/2026 | FLSA Back Wages | $5,000.00 | $4.55 | $5,004.55 |
| 11 | 03/01/2026 | FLSA Back Wages | $5,000.00 | $0.00 | $5,000.00 |
| 12 | 04/01/2026 | FLSA Back Wages<br>H-2A Back Wages | $5,000.00 | $1,021.62 | $6,021.62 |
| 13 | 05/01/2026 | H-2A Back Wages | $5,000.00 | $61.64 | $5,061.64 |
| 14 | 06/01/2026 | H-2A Back Wages | $5,000.00 | $42.47 | $5,042.47 |
| 15 | 07/01/2026 | H-2A Back Wages | $5,000.00 | $20.55 | $5,020.55 |
| 16 | 08/01/2026 | FLSA Civil Money Penalty | $5,000.00 | $282.74 | $5,282.74 |
| 17 | 09/01/2026 | H-2A Civil Money Penalty | $5,000.00 | $602.74 | $5,602.74 |
| 18 | 10/01/2026 | H-2A Civil Money Penalty | $5,000.00 | $16.44 | $5,016.44 |
| | | Totals: | $100,000.00 | $3,033.52 | $103,033.52 |

## EXHIBIT C

### Notice to Employees (English)

Your employer has settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement, which has been approved by a judge. The agreement requires your employer to pay money to some of you who worked for Berkshire Nursery & Supply Corp. from March 22, 2021 through March 19, 2023. The money will be distributed directly by the U.S. Department of Labor. Please call the U.S. Department of Labor at (914) 286-6951 to update your contact information.

If you receive money from the settlement, you are entitled to keep this money. It is against the law for Jesus Flores or any person acting on behalf of Berkshire Nursery & Supply Corp., Rosa Contracting, Inc., Rosa Land Tech and Design, Inc., or Rosa Contracting and Construction, Inc. to ask for this money back or to take it out of your pay.

It is also against the law for your employer to fire, threaten to fire or call law enforcement or immigration authorities, reduce your hours, or discriminate against you in any other way for accepting settlement money, providing information to the U.S. Department of Labor, and/or complaining about not receiving overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of 1.5 times the employee's regular rate of pay.

Your employer must provide you with a statement of every payment of wages, whether you are paid in cash or check, listing the dates of work covered by that payment of wages; rate or rates of pay; gross wages; deductions; and net wages. The statement must include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, for those employees not exempt from receiving overtime compensation.

If you have not been paid for all of your hours worked, or if you have been asked to return your settlement money, or if you have been retaliated against, please call the U.S. Department of Labor at (914) 286-6951. Your name will be kept confidential to the extent permitted by law.

## Aviso a los Empleados (Spanish)

Su empleador resolvió una demanda con el Departamento de Trabajo de los Estados Unidos y firmó un acuerdo de liquidación que ha sido aprobado por un juez. El acuerdo requiere que su empleador pague dinero a algunos de ustedes que trabajaron para Berkshire Nursery & Supply Corp. desde el 22 de marzo de 2021 hasta el 19 de marzo de 2023. El dinero será distribuido directamente por el Departamento de Trabajo de los Estados Unidos. Por favor contacte al Departamento de Trabajo de los Estados Unidos al (914) 286-6951 para confirmar sus datos de contacto.

Si usted es uno de los beneficiados, el dinero que reciba es únicamente suyo. Es contra la ley que Jesus Flores o cualquier persona que actúe en nombre de Berkshire Nursery & Supply Corp., Rosa Contracting, Inc., Rosa Land Tech and Design, Inc., o Rosa Contracting and Construction, Inc. soliciten la devolución el dinero o que se lo reduzcan de su pago.

También es contra la ley que su empleador lo despida, amenace con despedirlo, o que llamen a las autoridades policiales o de inmigración, reduzca sus horas de trabajo o que te discrimine de cualquier otra manera por aceptar el dinero del acuerdo, por proporcionar información al Departamento de Trabajo de los Estados Unidos, y/o por quejarse por no recibir el salario mínimo o el pago correspondiente de sobretiempo por sus horas trabajadas. Su empleador debe pagar a sus empleados por todas las horas trabajadas, incluyendo pago adicional equivalente a tiempo y medio por horas extras trabajadas sobre 40 en una semana laboral.

Su empleador debe proporcionarle un registro o talonario de pago, ya sea el pago en efectivo o con cheque, especificando las fechas de trabajo a cual el pago corresponde; la cantidad de pago por hora; salarios brutos; descuentos; y salarios netos. El registro o talonario de pago debe incluir la cantidad recibida por horas regulares o tarifas distintas de pago; el pago por horas extras y tarifas de pagos; el número de horas regulares trabajadas; y el número de horas extras trabajadas, por aquellos empleados no exentos de recibir compensación por horas extras.

Si no se le ha pagado por todas sus horas trabajadas, o si se le ha pedido que devuelva el dinero de su liquidación, o si se le ha tomado algún tipo de represalia, por favor comuníquese de inmediato con el Departamento de Trabajo de los Estados Unidos llamando al (914) 286-6951. Su identidad se mantendrá confidencial en la medida permitida por la ley.